IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GORDON STUART,**<br><br>        **Plaintiff,**<br><br>v.<br><br>**TRANSUNION, LLC, STATE BANK OF WATERLOO, AND MERCHANT ONE, INC.,**<br><br>        **Defendants.** | Case No. 20-CV-01062-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

On January 11, 2021, Defendant Merchant One, Inc. filed a Motion to Dismiss Or Alternatively To Transfer under F̲ed̲. R. C̲iv̲. P. 12(b)(3) and 28 U.S.C. § 1404, stating that the forum selection clause that Plaintiff Gordon Stuart agreed to as a condition of doing business with Merchant requires either dismissal of the claim against Merchant for lack subject matter jurisdiction or transfer of the claim to the United States District Court for the Southern District of Florida  (Doc. 12). Stuart subsequently consented to the transfer of his claim against Merchant to the Southern District of Florida, but also made it clear that he did not consent to transferring any other claims in the suit (Doc. 33). No other party to the suit has responded to the motion.

Section 1404 "allow[s] a district court to transfer an action filed in a proper, though not necessarily convenient, venue to a more convenient district." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 977 (7th Cir. 2010).

Although a forum selection clause "does not render venue in a court 'wrong' or 'improper' within the meaning of § 1406(a) or Rule 12(b)(3), the clause may be enforced through a motion to transfer under § 1404(a)." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 59 (2013). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Thus, if a forum selection clause is found to be valid and enforceable, the Court must enforce it in most cases by granting a motion to transfer to the forum agreed upon. "A valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Atl. Marine Const. Co.*, 571 U.S. at 63 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988)). "[A] district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Id.* at 52.

The presence of a valid forum selection clause "requires district courts to adjust their usual § 1404(a) analysis . . . ." *Id.* at 63. "[A] district court may consider arguments about public-interest factors only." *Id.* at 64. However, those factors "rarely defeat a transfer motion." *Id.* The Court **FINDS** that no "extraordinary circumstances" that "clearly disfavor transfer" are present here.

Furthermore, the court may sever transferable claims under FED. R. CIV. P. 21, which would result in two separation actions, and then transfer the severed action to the appropriate court. *Amperex Elec. Corp. v. Perry*, 1970 WL 10028, at *2 (7th Cir.

July 20, 1970) (citing *Wyndham Associates v. Bintliff*, 398 F.2d 614 (2d Cir. 1968)). The Court **FINDS** that it is appropriate to sever Stuart's claim against Merchant subject to the forum selection clause.

Accordingly, the Court **GRANTS** Defendant Merchant One, Inc.'s Motion to Dismiss Or Alternatively To Transfer (Doc. 12). Pursuant to the forum selection clause, the standalone civil proceeding created by the Court severing Count I from the other claims asserted in this case will be transferred to the United States District Court for the Southern District of Florida.

Within seven days of the entry of this opinion and accompanying order, Plaintiff Gordon Stuart must file Count I in a separate case in this district. The Clerk of Court is **DIRECTED** not to charge a filing fee for that case. After the case is filed, the Court **ORDERS** that the case be **TRANSFERRED** to the Southern District of Florida. This Court will coordinate with the transferee court to minimize duplicative discovery, if any, and to facilitate a prompt resolution of all claims in an efficient manner.

**IT IS SO ORDERED.**

DATED: February 24, 2021

s/ *Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
